# EXHIBIT "A"

COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------X   Index No.: 33790/2017

JOSE PAGAN, LUIS MERCADO AND
ANTHONY TAYLOR, individually and on the    Date Filed: 8/3/2017
behalf of others similarly situated,

                              Plaintiffs,

                   -against-                                          **SUMMONS**

BUG RUNNER EXTERMINATING CO AND
DOUG SIEGEL,
                            Defendant(s)
-------------------------------------------------------X

                **TO THE ABOVE-NAMED DEFENDANTS:**

       ***YOU ARE HEREBY SUMMONED*** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
         July 20, 2017

                                                      D. Christopher Mason, Esq.
                                                      MASON LAW, PLLC
                                                      COUNSEL FOR PLAINTIFFS
                                                     575 Lexington Avenue
                                                     4th Floor – Suite 4076
                                                     New York, New York 10022-6102
                                                     (212) 498-9691 PHONE
                                                     (212) 498-9692 FAX
                                                     cmason@masonlawpllc.com

TO:

BUG RUNNER                                                DOUG SIEGEL
EXTERMINATING CO. INC.                      680 N. MAIN STREET
680 N. MAIN STREET                               SPRING VALLEY, NY 10977
SPRING VALLEY, NY 10977

## VENUE

Plaintiffs designates Rockland County as the place of trial. The basis of this designation is plaintiff's residence in Rockland County, New York.

**PLEASE TAKE FURTHER NOTICE**, that service of papers by telefax or electronic transmission is not authorized unless authorized through appropriate channels, and any papers so served shall be treated as a nullity.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------------X
JOSE PAGAN, LUIS MERCADO and ANTHONY　　Index No.: 33790/2017
TAYLOR, individually and on the behalf of others
similarly situated,

                    Plaintiffs,        **COMPLAINT**

    -against-

BUG RUNNER EXTERMINATING CO and DOUG
SIEGEL,
                    Defendant(s)
---------------------------------------------------------------X

The Named Plaintiffs JOSE PAGAN, LUIS MERCADO and ANTHONY TAYLOR (the "Named Plaintiffs"), by their attorneys, MASON LAW, PLLC., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

1. This action is brought pursuant to New York Labor Law ("Labor Law") Article 6§§ 6 190 *et seq.*, Labor Law Article 19 §§ 650 *et seq.*, 12 New York Codes, Rules and Regulations ("NYCRR") §§ 142-2.2 and 142-2.7, to recover, *inter alia*, unpaid overtime compensation owed to the Named Plaintiffs and all similarly situated persons who are presently or were formerly employed by BUG RUNNER EXTERMINATING CO. INC.; and any other related entities, (hereinafter collectively referred to as "Defendants").

2. Upon information and belief, beginning in July 2011 and continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of 40 hours per week, without providing proper overtime compensation as required by applicable law.

3. Under the direction of its corporate officers and/or directors, Defendants instituted this practice of depriving their employees of overtime compensation at one and one-half times the regular hourly rate for work performed in excess of 40 hours per week, as required by applicable state law.

4. The Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including unpaid overtime compensation, which they were deprived of, plus interest, attorneys' fees, and costs.

## PARTIES

5. The Named Plaintiff, JOSE PAGAN, is an individual who is currently a resident of the State of New York. Plaintiff PAGAN was employed by Defendants as a pest control s technician/field supervisor from approximately April 2014 through May 2016.

6. The Named Plaintiff, LUIS MERCADO, is an individual who is currently a resident of the State of New York. Plaintiff MERCADO was employed by Defendants as a general laborer and construction worker, from approximately April 1998 through October 2015.

7. The Named Plaintiff, ANTHONY TAYLOR, is an individual who is currently a resident of the State of New York. Plaintiff TAYLOR was employed by Defendants as a general laborer and construction worker, from approximately 1988 through 2015.

8. Upon information and belief, Defendant BUG RUNNER EXTERMINATING CO. INC. ("BUG RUNNER") is a domestic business corporation organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 680 N. Main Street, Spring Valley, NY 10977.

9. Upon information and belief, Defendant DOUG SIEGEL (the "Individual Defendant") is a resident of the State of New Jersey, with his principal place of business at 4680 N.

Main Street, Spring Valley, NY 10977, and is, and at all relevant times was, an officer, director, president, vice president, CEO, and/or owner of BUG RUNNER EXTRMINATING CO. INC. (hereinafter collectively referred to as the "Corporate Defendants").

10. Upon information and belief, during all relevant times, the Corporate Defendants shared common management, were centrally controlled, and/or were owned by the same entity/entities and/or individual(s), including but not limited to, the Individual Defendants.

11. Upon information and belief, at all relevant times, the Individual Defendant had control over, and the power to change compensation and other business practices at the Corporate Defendants.

12. Upon information and belief, at all relevant times, the Individual Defendant had the power to determine employee policies at the Corporate Defendants, including, but not limited to, policies governing compensation of employees.

13. Defendants are an employer under the Labor Law in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by the Named Plaintiffs and putative class members, including payroll practices.

14. Upon information and belief, each Defendant has had substantial control of the Named Plaintiffs' and putative class members' working conditions and over the unlawful policies and practices alleged herein

15. Defendant SIEGEL is the president and/or owner of BUG RUNNER, and: (i) had the power to hire and fire employees for BUG RUNNER; (ii) supervised and controlled

employee work schedules or conditions of employment for BUG RUNNER; (iii) determined the rate and method of payment for BUG RUNNER employees; and, (iv) maintained employment records for BUG RUNNER.

## CLASS ALLEGATIONS

16. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

17. This action is brought on behalf of the Named Plaintiffs and a class consisting of each and every other person who worked for Defendants in nonexempt positions between July 2011 and the present.

18. The Named Plaintiffs and putative class members are all victims of Defendants' common policy and/or plan to violate New York wage and hour statutes by: (1) failing to provide overtime compensation to employees for work performed in excess of 40 hours per week; and (2) failing to provide a statement to employees with every payment of wages listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages.

19. Defendants uniformly applied the same employment practices, policies, and procedures to all employees who worked for Defendants in the State of New York.

20. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 individuals. In addition, the names of all potential members of the putative class are not known.

21. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay the Named Plaintiffs and

members of the putative class overtime compensation for work performed in excess of 40 hours per week; and (2) whether Defendants failed to provide the Named Plaintiffs and members of the putative class a statement to employees with every payment of wages listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages.

22. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class members were all subject to Defendants' policies and practices of failing to pay employees all earned overtime compensation. The Named Plaintiffs and putative class members thus have sustained similar injuries as a result of Defendants' actions.

23. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

24. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The individual Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

27. Managing a class action will not result in undue difficulties.

28. Finally, a class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

29. Upon information and belief, beginning in July 2011 and continuing through the present, Defendants employed the Named Plaintiff and other members of the putative class to perform functions related to Defendants' pest control operations in nonexempt positions.

**PLAINTIFF PAGAN**

30. Defendants employed Plaintiff PAGAN as a pest control technician, foreman and salesperson from approximately April 2014 through September 2016.
31. During his employment tenure, Plaintiff Pagan typically worked 6 days per week, for approximately 10 hours per shift. In total, Plaintiff Zapata typically worked approximately 60 hours per week.
32. During his employment tenure, Defendants typically paid Plaintiff Pagan a flat hourly rate of $23.00 per hour, regardless of how many hours he worked in a given workweek.
33. Despite regularly working in excess of 40 hours per week, Defendants failed to compensate Plaintiff Pagan at a rate of one and one-half times his regular rate of pay for all such hours worked in excess of 40 hours in any given workweek.
34. Additionally, during his employment tenure, Defendants typically did not provide Plaintiff Pagan a wage statement with his pay that reflected (i) the hours he worked that pay period and (ii) the rate at which he was being paid per hour.