UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JOSE PAGAN, LUIS MERCADO and
ANTHONY TAYLOR, individually and on
the behalf of others similarly situated,

                     Plaintiffs,

-against-

BUG RUNNER EXTERMINATION CO.
and DOUG SIEGEL,

                     Defendants.

17-cv-06777 (SHS)

MEMORANDUM & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    This putative class action for alleged violations of the New York Labor Law was initiated in the Supreme Court of the State of New York, Rockland County and was removed to this Court by defendants. Because the Notice of Removal, the Complaint filed in the state court action, and the Answer filed in this case all indicate that this Court does not have subject matter jurisdiction over this action, the Court remands the action to the New York Supreme Court, Rockland County.

## I. BACKGROUND

    Plaintiffs Jose Pagan, Luis Mercado, and Anthony Taylor filed a complaint in the Supreme Court of the State of New York, Rockland County on July 20, 2017, alleging that their former employer, defendant Bug Runner Exterminating Co. ("Bug Runner") and its officer, director, president, and CEO, defendant Doug Siegel, violated certain provisions of the New York Labor Law. (Compl., ECF No. 2.) Specifically, plaintiffs allege that, beginning in 2011, defendants required employees to work in excess of 40 hours per week without overtime compensation and failed to provide adequate statements listing hours worked by the employees. (*Id.* at ¶¶ 2-3.) In their Complaint, plaintiffs sought to represent a class of similarly situated Bug Runner employees and former employees pursuant to N.Y. C.P.L.R. Art. 9, which governs the certification of class actions in New York courts. There are no federal claims in the Complaint.

    The Complaint states that all three named plaintiffs are currently residents of New York, that Bug Runner is a New York corporation with its principal

place of business in New York, and that Siegel is a resident of New Jersey. (*Id.* at ¶¶ 5-9.)

In their Notice of Removal, filed on September 6, 2017, defendants aver that they were not served with a copy of the Complaint until August 10, 2017 and that they properly removed this action within 30 days of service. (Notice of Removal, ECF No. 1 at ¶ 2.)

Although defendants filed a civil cover sheet stating that diversity is the basis of this Court's jurisdiction, their Notice of Removal does not expressly state that defendants are seeking removal on the basis of diversity. Nevertheless, defendants' Notice of Removal contains a section titled, "Diversity of Citizenship" and states facts that would be relevant to the diversity jurisdiction inquiry. In particular, defendants repeat the Complaint's allegations that all three named plaintiffs are residents of New York and that Siegel is a resident of New Jersey. (*Id.* at ¶ 3.) Defendants also mystifyingly state that defendant Bug Runner is "located in" New York. (*Id.* at ¶ 4.)

Defendants' Notice of Removal acknowledges that the Complaint is silent on the amount of relief sought, but also states that plaintiffs seek an amount greater than $75,000 on the basis of attached demand letters that were sent by each of the three named plaintiffs to Bug Runner prior to the commencement of plaintiffs' action in New York state court. (Notice of Removal, Ex. B.) These letters show that, at least as of October 2016, Pagan was seeking $65,488.26 in overtime wages, Taylor was seeking $62,899.50, and Mercado was seeking $134,805.00.

On September 14, 2017, defendants filed an Answer in this action, in which they admitted the Complaint's allegations that Bug Runner is a New York corporation with its principal place of business in New York and that Siegel is a resident of New Jersey. (Answer, ECF No. 6 at ¶¶ 8-9.)

## II. Discussion

A notice of removal must "contain[ ] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Defendants' Notice of Removal alleges facts relevant to determining the diversity of the parties and includes a section titled "Diversity of Citizenship," but does not contain a "short and plain statement" expressly indicating that the basis of removal is diversity jurisdiction. Nevertheless, because neither the Notice of Removal nor the civil

cover sheet filed by defendants alludes to any other potential basis, the Court will assume that this removal was made on the basis of diversity jurisdiction.[1]

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Similarly, Fed. R. Civ. P. 12(h)(3) provides that if a court determines that subject matter jurisdiction is lacking "at any time," it must "dismiss the action." Accordingly, it is the "obligation of a court, on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000).

Diversity jurisdiction exists in actions based on state law claims only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "Since *Strawbridge v. Curtiss*, 3 Cranch 26 (1806), [the Supreme Court] ha[s] read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 197 (2d Cir. 1967) ("It is elementary that all of the plaintiffs must be of citizenship diverse to that of all of the defendants."). In addition, 28 U.S.C. § 1441(b)(2) provides that a case cannot be removed to federal court on the basis of diversity jurisdiction if any of the defendants "is a citizen of the State in which such action is brought." *See also Lincoln Prop.*, 546 U.S. at 90.

Here, defendants' Notice of Removal states that one of the defendants – Bug Runner – is "located in the . . . State of New York." (Notice of Removal, ECF No. 1 at ¶ 4.) Although this reference to the "location" of a corporate defendant is meaningless in the context of the citizenship inquiry, *see* 28 U.S.C. § 1332(c)(1) (A corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business."), it is clear from the parties' pleadings that Bug Runner is in fact a citizen of New York. The Complaint states that Bug Runner is a "domestic business corporation organized and existing under the laws of the State of New York, with a headquarters and principal place of business located [in New York]" (Complaint, ECF No. 2 at ¶ 8) and defendants admit these allegations in their

---

[1] It is clear that the Court cannot exercise federal question jurisdiction over this case. The causes of action alleged in the Complaint are all based on the New York Labor Law and conspicuously avoid mention of analogous provisions in the federal Fair Labor Standards Act.

3

Answer (Answer, ECF No. 6 at ¶ 8). Accordingly, Bug Runner is a citizen of New York and no other state. *See Lincoln Prop.*, 546 U.S. at 88-89.

A remand is mandatory in this case. The fact that Bug Runner is a citizen of New York means that it is a citizen of the same state as each of the three named plaintiffs. This Court may not exercise diversity jurisdiction over a case that lacks complete diversity. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).[2]

### III. CONCLUSION

The Court hereby remands this action to the Supreme Court of the State of New York, Rockland County.

Dated: New York, New York
September 19, 2017

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.

---

[2] Remand is also appropriate in this case because – as a citizen of the same state in which the original state court action was initiated – Bug Runner was precluded from seeking removal to federal court on the basis of diversity. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

4